UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AGUSTIN SOTO,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:12-cv-01259-MMD-NJK<br><br>ORDER<br><br>(Defendant's Motion to Dismiss – dkt. no. 8;<br>Defendant's Request for Decision – dkt. no. 18) |

**I.	SUMMARY**

Before the Court are Defendant Federal National Mortgage Association's ("FNMA") Motion to Dismiss (dkt. no. 8) and Request for Decision on Motion to Dismiss or in the Alternative Request for Hearing (dkt. no. 18). For the reasons set forth below, FNMA's Motion to Dismiss is granted while its Request for Decision is denied.

**II.	BACKGROUND**

This matter was brought *pro se* by Plaintiff Agustin Soto concerning his home located at 5933 Windy Seas Ct., Las Vegas, Nevada ("the Property"). (Compl., dkt. no. 1-1 at ¶ 1.) Soto alleges that on April 18, 2007, he executed a $265,000 loan from his lender, FNMA, in connection with the purchase of the Property. (*Id.* at ¶ 5.) Foreclosure proceedings were initiated on the home after Soto's default on his loan obligations.

On May 16, 2011, Soto brought this action in state court seeking to challenge the foreclosure process. He alleges five causes of action against FNMA and unnamed

Defendants: negligence, negligence per se, breach of the covenant of good faith and fair dealing, intentional misrepresentation, rescission, and quiet title.

FNMA timely removed the action to this Court.[1]  (*See* dkt. no. 1.)  On November 2, 2012, FNMA moved to dismiss Soto's Complaint, arguing that Plaintiff fails to state claims against it.  (*See* dkt. no. 8.)  To date, Soto has failed to respond to the Motion.  FNMA filed a Request for Decision on Motion to Dismiss on February 8, 2013, seeking a decision on the Motion to Dismiss.  (*See* dkt. no. 18.)

## III.   LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible

---

[1] FNMA notes that Soto failed to properly serve it, instead serving a law firm who represented FNMA in an unrelated action.  Nevertheless, FNMA removed the action to this Court without waiving arguments related to waiver

1  claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint
2  alleges facts that allow a court to draw a reasonable inference that the defendant is
3  liable for the alleged misconduct.  *Id.* at 678.  Where the complaint does not permit the
4  court to infer more than the mere possibility of misconduct, the complaint has "alleged–
5  but not shown–that the pleader is entitled to relief."  *Id.* at 679 (internal quotation marks
6  omitted).  When the claims in a complaint have not crossed the line from conceivable to
7  plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

8        A complaint must contain either direct or inferential allegations concerning "all the
9  material elements necessary to sustain recovery under *some* viable legal theory."
10 *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,
11 1106 (7th Cir. 1989) (emphasis in original)).

12 **IV.   DISCUSSION**

13       A review of FNMA's Motion appears to support dismissal of Soto's claims.
14 Documents filed concurrently with FNMA's Motion, which the Court takes proper judicial
15 notice of as publically recorded documents, support the conclusion that a proper
16 foreclosure proceeding was initiated.  As a result, Soto cannot plausibly allege a breach
17 of a duty of care that would support a negligence cause of action.  Nor can these facts
18 support a misrepresentation, breach of the covenant of good faith and fair dealing, or
19 quiet title claims.  Further, Soto failed to properly serve FNMA, instead serving a law firm
20 that represented FNMA in an unrelated eviction proceeding.

21       Most importantly, Soto has not responded to the Motion. Local Rule 7-2(d)
22 provides that failure of a non-moving party to file an opposition to a motion constitutes
23 consent to the motion's granting. Soto's failure to oppose the Motion therefore
24 independently warrants its granting.

25 ///
26 ///
27 ///
28 ///

## V. CONCLUSION

IT IS THEREFORE ORDERED that Defendant FNMA's Motion to Dismiss (dkt. no. 8) is GRANTED with prejudice.

IT IS FURTHER ORDERED that FNMA's Request for Decision (dkt. no. 18) is DENIED as moot.

DATED THIS 8th day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE